UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-21413-CIV-MORENO/SIMONTON

ACCESS NOW, INC., and
CHRIS TAVANTZIS,

    Plaintiffs,

v.

THE CITY OF MIAMI, et al.,

    Defendants.
_____/

**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFFS' SECOND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DENYING PLAINTIFFS' MOTION FOR STAY OF CONSIDERATION OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Presently pending before the Court are Plaintiffs' Second Motion To Enforce Settlement Agreement (DE # 67) and Plaintiffs' Motion For Stay of Consideration of Plaintiffs' Second Motion To Enforce Settlement Agreement (DE # 73). These motions are referred to the undersigned Magistrate Judge (DE # 68). Defendant City of Miami (hereafter Defendant City) has responded in opposition to the motion to enforce settlement agreement (DE # 70). In lieu of filing a reply, Plaintiffs filed their motion for stay (DE # 73). For the reasons stated below, Plaintiffs' motion to enforce settlement agreement is denied without prejudice to renew in accordance with the provisions of the Dispute Resolution Mechanism in the Settlement Agreement, and Plaintiffs' motion to stay is denied.

In the motion to enforce settlement agreement, Plaintiffs state that Defendant City has violated the Settlement Agreement by not attempting either to obtain written consent of the property owners on Mary Street in Coconut Grove, from Bird Road to Tiger Tail, for placement of a sidewalk on either side of the street, to occur no later than April 30,

2004.  In the event Defendant City failed to obtain consent from the sidewalk from the property owners, Defendant City was required to install curb cuts on Mary Street from Bird Road to Tiger Tail within two years of the dismissal of the action.  Defendant City was also required to utilize any relevant portion of the public rights-of-way on Mary Street to improve accessibility, all to occur no later than April 30, 2005.  Plaintiffs allege that Defendant City has failed to:  1) send letters to all of the relevant property owners; 2) install any curb cuts on the relevant portions of Mary Street and 3) begin any of the public rights-of-way work on the relevant portions of Mary Street to improve accessibility.  Plaintiffs further assert that they have conferred with Defendant City and have been unable to resolve these issues.  Plaintiffs ask this Court to issue an order compelling Defendant City to comply with the Settlement Agreement and for the attorney's fees and costs incurred by Plaintiffs (DE # 67).

Defendant City responds that it has fully complied with the relevant portions of the Settlement Agreement.  Defendant City states that in June or July 2005, Plaintiffs' counsel felt that he could convince the property owners on Mary Street to allow Defendant City to build a sidewalk, and asked if Defendant City would build the sidewalk after the deadline in the agreement if he was able to obtain the approvals.  Defendant City states that it did not hear further from Plaintiffs' counsel until February 2008, when Plaintiffs' counsel send an email advising that he intended to file a motion to enforce settlement.  Defendant City states that it is willing to either: 1) put in the sidewalk, if Plaintiff's counsel has obtained the landowners' approval; 2) or install curb cuts on Mary Street from Bird Road to Tiger Tail.  Furthermore, Defendant City contends that the motion to enforce settlement agreement violates the Dispute Resolution Mechanism of the Settlement Agreement which requires mediation of disputed issues prior to the filing

of a motion to enforce settlement (DE # 70).

Plaintiffs then filed a motion to stay the consideration of their motion to enforce settlement until the conclusion of the mediation.  In this motion to stay, Plaintiffs reiterate their position that Defendant City did not comply with the settlement agreement.  However, Plaintiffs concede that they did not correctly utilize the dispute resolution mechanism contained in the settlement agreement.  Plaintiffs state that the issues will be mediated in early April 2008.  Plaintiffs asks that their motion be stayed because Plaintiffs dismissed the case once on a false promise of action, Plaintiffs' counsel waived their fees twice and because Plaintiffs feel that Court intervention will be necessary if the mediation reaches an impasse (DE # 73).

Plaintiffs' Second Motion To Enforce Settlement Agreement is denied without prejudice as premature.  As Defendant City asserts, and Plaintiffs belatedly admit, Plaintiffs' motion violates the Settlement Agreement.  The Settlement Agreement states, in a section captioned Dispute Resolution Mechanism:

> B.  If an action is required to enforce this Agreement, Plaintiffs shall give Defendant specific reasons, in writing, why they believe the Defendant has not substantially complied with the terms of the agreement.  Defendant shall provide a written response to the Plaintiffs' notification within ninety (90) days of its receipt.  Plaintiffs shall reply, in writing, informing Defendant or their acceptance or rejection of the Defendant's response within thirty (30) days of its receipts.  Plaintiffs' notice and Defendant's response thereto shall be sent to the parties' attorneys.
> C.  If the Parties are unable to reach agreement on any issues, the Parties agree to submit to mediation, which will be completed within forty five (45) days after the failure to reach agreement on the identified problems.  If mediation is unsuccessful, Plaintiffs' may declare a material breach and may move for enforcement.
> D.  If an impasse is not successfully mediated, the parties may submit any disputes to the Magistrate Judge assigned to this case, or if the Court so determines, to the Court, for resolution.

Ex. 1 to DE # 70, at 7-8, Sec. 4.

Therefore, Plaintiffs' motion to enforce the settlement agreement is denied

without prejudice to renew in accordance with the provisions of the Dispute Resolution Mechanism in the Settlement Agreement.

Plaintiffs' motion to stay consideration of their motion instead of dismissing it is denied. It is possible that the issues will be narrowed, if not resolved, in mediation, and a new motion to enforce would be more efficient than merely staying the present motion. The undersigned notes that the parties have an obligation to mediate in a good faith effort to resolve this dispute, and that mediation is not merely a procedural hurdle which must be overcome prior to filing an inevitable motion with the Court. Moreover, the reasons proffered by Plaintiffs in support of their motion do not support a stay of their motion to enforce, rather than a denial without prejudice.

Therefore, after a careful review of the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Second Motion To Enforce Settlement Agreement (DE # 67), is **DENIED without prejudice to renew in accordance with the provision in the Dispute Resolution Mechanism of the Settlement Agreement**, and Plaintiffs' Motion For Stay of Consideration of Plaintiffs' Second Motion To Enforce Settlement Agreement (DE # 73), is **DENIED**.

**DONE AND ORDERED** in chambers, at Miami, Florida, on March 14, 2008.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno
   Chief United States District Judge
All counsel of record